UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AES URUGUAIANA EMPREENDIMENTOS S.A., <br><br> Petitioner, <br><br> -against- <br><br> YPF S.A., <br><br> Respondent. | Civ. Action No. 16-3373 |

# MEMORANDUM OF LAW IN SUPPORT OF
# PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Daniel E. González
HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida  33131
(305) 459-6500
daniel.gonzalez@hoganlovells.com

Thomas N. Pieper
875 Third Avenue
New York, New York 10022
(212) 918-3000
thomas.pieper@hoganlovells.com

*Counsel for Petitioner AES Uruguaiana Empreendimentos, S.A.*

AES Uruguaiana Empreendimentos, S.A. ("AESU") respectfully submits this memorandum of law in support of its Petition to Confirm Foreign Arbitral Award, seeking confirmation of a final partial award on liability rendered on May 8, 2013, including the addendum thereto issued on October 4, 2013 (the "Addendum") (together, the "Final Partial Liability Award") by a duly constituted arbitration tribunal (the "Tribunal") in the arbitration captioned *YPF, S.A. (Argentina) vs. AES Uruguaiana Empreendimentos, S.A. (Brazil), Companhia de Gas do Estado do Rio Grande do Sul (Brazil) and Transportadora de Gas del MERCOSUR, S.A. (Argentina)*, ICC Case No. 16232, seated in Montevideo, Uruguay (the "Arbitration"), under the Rules of the International Court of Arbitration of the International Chamber of Commerce (the "ICC"), pursuant to Sections 207, 302, and 304 of the Federal Arbitration Act (the "FAA").

## FACTUAL BACKGROUND

### The Parties and Their Agreement to Arbitrate

Petitioner AESU is a company organized and existing under the laws of the Federative Republic of Brazil. Respondent YPF S.A. ("YPF") is a company organized and existing under the laws of the Republic of Argentina. The Arbitration relates to a multilateral Gas Supply Agreement dated September 28, 1998 (the "GSA"). The GSA was signed by YPF as one of the "parties," and by AESU as one of the "participants." (*See* Declaration of Daniel E. González ("González Decl."), Ex. A; Ex. B ¶ 95.) Pursuant to the GSA, YPF agreed to provide and sell a minimum amount of natural gas, and pay certain penalties if such minimum amounts were not delivered. (*Id.*, Ex. B ¶ 96.) The GSA further sets forth that YPF's failure to provide and sell the minimum amount of natural gas entitles the non-breaching party to suspend and/or terminate the agreement.

Article 20.2 of the GSA contains the following arbitration clause:

(a) All disputes between the PARTIES or between two or more PARTICIPANTS or between one or both PARTIES and one or more PARTICIPANTS arising from the interpretation and/or performance of this CONTRACT, except those that must be submitted to an EXPERT according to the CONTRACT or that the involved PARTIES and PARTICIPANTS agree to submit to an EXPERT, shall be resolved definitively in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce by three (3) arbitrators appointed in accordance with these Rules.

The PARTIES and the PARTICIPANTS expressly waive any other forum or jurisdiction that might correspond to solve any dispute between them.

(b) The place of the arbitration shall be Montevideo -[Oriental Republic of] Uruguay—or any other place that the PARTIES and PARTICIPANTS involved agree upon The place of the arbitration shall be Montevideo - Eastern Republic of Uruguay – or any other location that the involved PARTIES and the PARTICIPANTS agree upon.

The language of the arbitration shall be Spanish.

(c) The arbitration award shall be issued in writing and shall be final, it shall be binding for the PARTIES and PARTICIPANTS involved, and there shall be no appeal against this decision, except motions for clarification and/or annulment provided by Article 760 of the Civil and Commercial Procedure Code of Argentina (Special Appeals).

The award shall decide how the costs of arbitration will be covered, including reasonable expenses and professional fees.

The execution of any award that was not fulfilled, may be requested before any court that has jurisdiction over the PARTY/IES and/or the PARTICIPANT/S which according to the award must make payments or perform actions or which has jurisdiction over the assets of such PARTY/IES and/or PARTICIPANT/S; provided, however, that any Special Appeal shall be filed exclusively before the courts and in accordance with the laws of the Republic of Argentina. The execution of the award shall be suspended until:

(i) the deadline for submission of the Special Appeals, where such a submission has not been made, has passed, or the term to file said

>    Special Appeals shall have expired, without having performed said filing, or
>
>    (ii) a final court order that cannot be appealed has been made in relation to such Special Appeals.

(*Id.*, Ex. A).

## The Arbitration

After several years of failed negotiations triggered by YPF's failure to provide the minimum amount of natural gas, AESU suspended and eventually terminated the GSA. (*Id.*, Ex. B ¶¶ 211-21, 235.) On March 26, 2009, AESU commenced the arbitration captioned *Companhia de Gas do Estado do Rio Grande do Sul (Brazil) and AES Uruguaiana Empreendimentos, S.A. (Brazil), vs. YPF, S.A. (Argentina),* ICC Case No. 16202, under Article 20.2 of the GSA. (*Id.*, Ex. B ¶ 25.) On April 6, 2009, YPF commenced the Arbitration under Article 20.2 of the GSA. (*Id.*, Ex. B ¶ 26.)

During a meeting with the Tribunal in Buenos Aires on April 6, 2011, the parties to the Arbitration agreed to consolidate ICC Case No. 16202 and the Arbitration and to bifurcate the proceedings into two phases: liability and damages. (*Id.*, Ex. B ¶ 37.) Pursuant to the Tribunal's Procedural Order No. 2 from May 6, 2011, the parties submitted the following briefs presenting their arguments on liability:

  i. Opening briefs on July 1, 2011;
  ii. Answers on September 9, 2011;
  iii. Replies on September 23, 2011; and
  iv. Rejoinders on October 7, 2011.

(*Id.*, Ex. B ¶¶ 38-45.) A hearing on the merits was conducted at the arbitral seat, Montevideo, Uruguay, from December 15-20, 2011, which included opening arguments from all parties, and cross-examination of several witnesses and experts. (*Id.*, Ex. B ¶¶ 49-53.)

## The Final Partial Liability Award

On May 8, 2013, the Tribunal issued the Final Partial Liability Award. The Final Partial Liability Award was issued in Spanish, the language of the Arbitration. (*Id.*, Ex. B.) On October 4, 2013, the Tribunal issued the Addendum, making certain clarifications and rewording the decree portion. (*Id.*, Ex. C.)

The Tribunal found that YPF breached the GSA and, therefore, that AESU's suspension and eventual termination of the GSA was lawful. The Tribunal found YPF liable for the damages that AESU suffered or may suffer on account of the termination of the GSA. Specifically, in the relevant portion of the Final Partial Liability Award (as amended by the Addendum) the Tribunal held that it:

> a. Such declares that the suspension of the Gas Contract put into effect by AESU and Sulgás by a letter dated September 15, 2008, was in accordance to law.
>
> b. Such declares that the termination of the Gas Contract was caused by the breach by YPF of its obligations under the Gas Contract, in particular for the culpable repudiation by YPF of such Contract, and that the termination of the Gas Contract by AESU and Sulgás, made in a letter dated March 20, 2009, was in accordance to law.
>
> c. Such declares that, as a result of that stated in paragraph (b) above, YPF is liable before AESU.

(*Id.* Ex. C at ¶55.)

As per the agreement between the parties and the Tribunal, the Final Partial Liability Award is final with respect to liability; the determination of damages would take place in a separate award.

On May 31, 2013, YPF filed a request with the Tribunal to annul the Final Partial Liability Award. (*See id.*, Ex. D.) The Tribunal determined in Procedural Order No. 8, dated

July 29, 2013, that under the GSA the seat of the arbitration is Montevideo, Uruguay, and that the mandatory rules of the seat prevail over any contradicting contractual provision. (*See id.*, Ex. D at ¶¶ 22 and 29.) The Tribunal also found that YPF's annulment request should be rejected, as the Final Partial Liability Award is not an arbitrary decision and is valid. (*See id.*, Ex. D at ¶34.)

On June 3, 2013, prior to the Tribunal's decision in Procedural Order No. 8, YPF filed an action (*recurso de queja*) that was ultimately heard by the Federal Court for Contentious Administrative Proceedings (the "Argentinean Court"). (*See id.*, Ex. E.) AESU was not permitted to file a response. (*See id.*, Ex. F at 9.) On December 23, 2015, the Argentinean Court granted YPF's request, purportedly annulling the Final Partial Liability Award. (*See id.*, Ex. E.) AESU requested that the Argentinean Court reconsider its ruling, as that ruling violated basic principles of due process. (*See id.*, Ex. F at 10.) The Argentinean Court rejected AESU's request, upheld its own decision on February 23, 2016, and reaffirmed the rejection in a decision of March 31, 2016. (*See id.*, Ex. F at 12.) The decision is not final and subject to further appeal to the Federal Supreme Court by AESU.

On April 20, 2016, the Tribunal issued its final partial award on damages (the "Final Partial Damages Award"), which awarded AESU approximately $185 million, plus pre- and post-award interest. (*See id.*, Ex. G.)

**ARGUMENT**

Confirmation of the Final Partial Liability Award is governed by the Inter-American Convention on International Commercial Arbitration, opened for signature on January 30, 1975, OAS SER A20 (SEPEF), 14 I.L.M. 336, 1438 U.N.T.S. 245 (entered into force in the United States on September 27, 1990) (the "Panama Convention"), implemented in Chapter 3 of the FAA, 9 U.S.C. § 301 *et seq.*, because it arises from a "commercial" relationship and involves

6

citizens of different countries. *See* 9 U.S.C. § 202.[1] Under Section 203 of the FAA, any action or proceeding "falling under the Convention" comes within the original jurisdiction of the United States district courts. 9 U.S.C. § 203.

## The Final Partial Liability Award Should Be Confirmed and Recognized

Section 207 of the FAA provides that:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

Here, these requirements are met. First, this Court has subject matter jurisdiction under Sections 202 and 203 of the FAA. Second, AESU's petition is timely. Finally, none of the grounds for refusal or deferral of recognition or enforcement of an award under the Panama Convention apply to the Final Partial Liability Award.

Under Article V of the Panama Convention, confirmation of an award may only be refused if the party opposing confirmation establishes:

1. That the parties to the agreement were subject to some incapacity under the applicable law or that the agreement is not valid under the law to which the parties have submitted it, or, if such law is not specified, under the law of the State in which the decision was made (Article V(1)(a));

2. That the party against which the arbitral decision has been made was not duly notified of the appointment of the arbitrator or of the arbitration procedure to be followed, or was unable, for any other reason, to present his defense (Article V(1)(b));

---

[1] Section 302 of the FAA incorporates Sections 202, 203, 204, 205, and 207 thereof into Chapter 3 by reference. *See* 9 U.S.C. § 302. The Panama Convention and Chapter 3 of the FAA apply in this case, and not the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). The parties to the arbitration agreement are citizens of Argentina and Brazil, which have ratified or acceded to the Panama Convention and are member States of the Organization of American States. 9 U.S.C. § 305.

3. That the decision concerns a dispute not envisaged in the agreement between the parties to submit to arbitration; nevertheless, if the provisions of the decision that refer to issues submitted to arbitration can be separated from those not submitted to arbitration, the former may be recognized and executed (Article V(1)(c));

4. That the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the terms of the agreement signed by the parties or, in the absence of such agreement, that the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the law of the State where the arbitration took place (Article V(1)(d));

5. That the decision is not yet binding on the parties or has been annulled or suspended by a competent authority of the State in which, or according to the law of which, the decision has been made (Article V(1)(e));

6. That the subject of the dispute cannot be settled by arbitration under the law of the State in which recognition and execution is requested (Article V(2)(a)); or

7. That the recognition or execution of the decision would be contrary to the public policy ("ordre public") of the State in which recognition and execution is requested (Article V(2)(b)).

These grounds (as well as the non-statutory ground of "manifest disregard of the law") are the exclusive bases on which a court may refuse to confirm an award. *See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir. 1997).[2]

None of these grounds is present here. Although the Final Partial Liability Award is a partial award and addresses only liability, it is enforceable because the parties agreed to bifurcate proceedings between liability and damages and that the partial awards would be binding on the parties. *See, e.g.*, *Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991); *Glob. Gold Min. LLC v. Caldera Res., Inc.*, 941 F. Supp. 2d 374, 382 (S.D.N.Y. 2013); *Andrea Doreen, Ltd. v. Bldg. Material Local Union* 282, 250 F. Supp. 2d 107, 112

---

[2] Because of the similarities between the Panama and New York Conventions, precedents under one treaty are generally applicable to the other. *See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 45 (2d Cir.1994); *Corporacion Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploracion y Produccion*, 962 F. Supp. 2d 642, 653 (S.D.N.Y. 2013).

(E.D.N.Y. 2003); *Corp. Printing Co. v. New York Typorgraphical Union No. 6*, No. 93 CIV. 6796 (SS), 1994 WL 376093, at *5 (S.D.N.Y. July 18, 1994).

The decision of the Argentinean Court purporting to annul the Final Partial Liability Award is not a basis for the Court to refuse to confirm, as the Argentinean Court is not "competent authority of the State in which, or according to the law of which, the decision has been made," as required under Article V of the Panama Convention. Only courts at the arbitral seat (courts of "primary jurisdiction") have the authority to annul an award. *Ingaseosas Int'l Co. v. Aconcagua Investing Ltd.*, 479 F. App'x 955, 961 n.11 (11th Cir. 2012); *Gulf Petro Trading Co., Inc. v. Nigerian Nat. Petroleum Corp.*, 512 F.3d 742, 747 (5th Cir. 2008); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 287 (5th Cir. 2004). This is an issue of subject matter jurisdiction; even the consent of the parties cannot vest courts outside the arbitral seat (courts of "secondary jurisdiction") with authority to annul an award. *Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 23 (D.D.C. 2011). Because the Arbitration was seated in Uruguay, the Argentinean Court is a court of secondary jurisdiction, and its decision is no basis for this Court to refuse confirmation.

Since none of the grounds to refuse confirmation under Article V(1)(e) applies, and there is no legitimate argument that any other ground applies, the Court should confirm the Final Partial Liability Award.

## **CONCLUSION**

For the foregoing reasons, AESU respectfully requests that the Court enter an order and judgment: (i) confirming and recognizing the Final Partial Liability Award (as amended by the Addendum); (ii) awarding AESU the costs of this proceeding; and (iii) awarding AESU such other and further relief as the Court deems just and proper.

Dated: May 5, 2016                New York, New York

HOGAN LOVELLS US LLP

*/s/ Daniel E. González*

Daniel E. González
600 Brickell Avenue
Suite 2700
Miami, Florida  33131
(305) 459-6500
daniel.gonzalez@hoganlovells.com

Thomas N. Pieper
875 Third Avenue
New York, New York 10022
(212) 918-3000
thomas.pieper@hoganlovells.com

*Counsel for Petitioner AES Uruguaiana Empreendimentos, S.A.*